Nash, C. J.
 

 "We are not sure that we have been able rightly to understand the case sent us in this record, or the intended bearing of the testimony excepted to. This obscurity may be the effect of haste in drawing up the exceptions, (which should
 
 *392
 
 ever present the point in contest with clearness and brevity,) or of imperfect cliirography, rendering it sometimes impossible to read or transcribe it. To whatever manse it may be owing, we have had much difficulty in satisfying ourselves that we have arrived at a just conclusion in endeavoring to read the case.
 

 The action is in
 
 case
 
 for the recovery of a negro woman
 
 Esther.
 
 The plaintiff purchased the negro from one Joseph TIardin: his bill of sale is dated on 12th of July, 1853, and the defendant caused an execution to be levied on her on 14th July, 1853, under which she was sold. In this execution the present defendant was the plaintiff, and to justify his proceedings, alleged that the sale to the plaintiff was void, being made to defraud the creditors of Hardin, of whom he was one. To make out his defense on this point, he gave in evidence several notes, executed by Hardin to himself, on one of which, a judgment had been obtained, and on which the execution above referred to was- issued ; and to show, as we presume, that the note was a
 
 bona fide
 
 one, and for a valuable consideration, he was permitted by his Honor to prove that he had, in March preceding, taken from Joseph Hardin a deed for a tract of land for 330 acres, one hundred of which were claimed by the present plaintiff: and the parties having got together, it was agreed that the conveyance should be cancelled, and a new one executed for two hundred and thirty acres, which was done. To make good to the defendant the loss of the hundred acres, Hardin, executed three several notes, of which, the oho above stated was one. This testimony was objected to by the plaintiff. If,, as we suppose, the evidence was offered for the purpose of showing that the defendant was a
 
 bona fide
 
 creditor of Joseph, it was properly received.
 

 To make out his .allegation of fraud, the defendant was suffered to prove that the plaintiff sold the one hundred acres, so claimed by him, to another person, and that he had no right or title to it. If this evidence was not offered with this view, we confess our inability to gather from the case what purpose it was to answer. To this object it is palpably incompetent.
 
 *393
 
 Whether the plaintiff had defrauded his vendee in the sale of the land, had no more bearing upon the issue before the jury, than to prove that in the sale of a horse to another person he had committed a fraud, or to prove he was in the habit of committing frauds. That A has made an usurious contract with B is no proof that his contract with 0 is usurious. Such evidence is irrelevant and mischievous, having a direct tendency to mislead the jury. ' This effect it must have had in the present case, for without it, there is no evidence of fraud in the purchase of the slave. A justice’s execution has no lien on property until levied. . Before such levy the owner may honestly sell it, or with it pay another debt. In the present case the sale is two days before the levy.
 
 Beasley
 
 v. Downey, 10 Ired. Rep. 284;
 
 Bumgarner
 
 v. Manney, 10 Ired. 121;
 
 State v.
 
 Arnold, 13 Ired. 184; Starkie on Ev. 61.
 

 Pee OueiáM. Eor the error pointed out in the reception of the evidence of the sale of the land by the plaintiff, the judgment is reversed -and .a
 
 venire de novo
 
 awarded.